**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO ANTONIO DIAZ, | No. 11-70053 |
| Petitioner, | Agency No. A072-511-043 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Sergio Antonio Diaz, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

We do not address Diaz's credibility contentions, because the agency did not make an adverse credibility determination.

Substantial evidence supports the BIA's findings that the threats Diaz received in Guatemala do not rise to the level of persecution, *see Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir.2000), and that Diaz failed to establish he was threatened on account of a protected ground, *see INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150-51 (9th Cir. 2000). Further, we lack jurisdiction to review the IJ's finding that Diaz failed to show the government of Guatemala was unwilling or unable to protect him from gang violence, because Diaz failed to challenge the finding to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We also lack jurisdiction over Diaz's newly raised contentions, because he failed to raise them to the BIA. *See id.* Accordingly, Diaz's asylum claim fails.

Because Diaz failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

11-70053

Finally, substantial evidence supports the agency's denial of Diaz's CAT claim because Diaz failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**